| **HCDistrictclerk.com** | OGBECHE, YEGRAOWO vs. HYDROCHEM INDUSTRIAL SERVICES INC | 5/18/2022 |
|---|---|---|
| | Cause: 202226205    CDI: 7    Court: 151 | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 101724289 | Plaintiff's Original Petition | | 05/02/2022 | 10 |
| ·> 101724290 | Request for Issuance of Service | | 05/02/2022 | 1 |

Case 4:22-cv-01590 Document 1-2 Filed on 05/19/22 in TXSD Page 2 of 12

5/2/2022 4:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64105046
By: Brittany Hall
Filed: 5/2/2022 4:00 PM

NO. _____

| | | |
|---|---|---|
| YEGRAOWO OGBECHE<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | _____ JUDICIAL DISTRICT |
| HYDROCHEM INDUSTRIAL<br>SERVICES INC.<br>Defendant. | §<br>§<br>§ | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Yegraowo Ogbeche, hereinafter called Plaintiff, complaining of and about HYDROCHEM INDUSTRIAL SERVICES INC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Yegraowo Ogbeche, is an Individual whose address is 1723 Gray Hawk Dr. Missouri Texas 77489.

3. Defendant HYDROCHEM INDUSTRIAL SERVICES INC, is a Limited Liability Company organized under the laws of the state of Delaware with its principal place of business in Dallas, Texas. This Defendant may be served with process by serving its registered agent for service of process: C T Corporation System., at 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136, USA Pursuant to article 2.11(B) of the Business Corporation

Act, or its successor statute, section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant HYDROCHEM INDUSTRIAL SERVICES INC by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. Service of said Defendant as described above can be effected by personal delivery. Service of said Defendant as described above can be effected by personal delivery.

**JURISDICTION AND VENUE**

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant is a Texas resident.

6. Venue in HARRIS County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

7. On or about March 1, 2022, Plaintiff, Yegraowo Ogbeche was operating his vehicle in a lawful, prudent and safe manner. Plaintiff was driving westbound on 610 S Loop in lane 3, while Defendant's driver, Willie Day, was driving on lane two. Defendant's driver failed to keep a proper lookout when he changed lane unsafely and struck Plaintiff's vehicle.

8. Plaintiff attempted to flag down Defendant after he was struck, however

Defendant's driver refused to stop to render aid and fled the scene. Plaintiff called the emergency number 911 and informed the dispatcher that the Defendant's driver had hit his car and injured him and that he refused to stop his vehicle. Plaintiff started following the Defendant's driver Willie Day while he was still on the phone with a 911 Dispatcher. Defendant refused to stop and fled the scene.

9. The 911 dispatcher instructed Plaintiff to stop following the Defendant's driver for his own safety and that a police officer would be called unto the scene. Willie Day failed to keep a proper lookout, made an unsafe lane change and failed to stop and render aid and fled the scene of the accident after striking Plaintiff with his vehicle. Defendant's driver failed to lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances.

10. Willie Day had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Willie Day's negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Willie Day consisted of, but is not limited to, the following acts and omissions:

    A. In that Willie Day failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Willie Day failed to yield as a person of prudent care would have done;

C. In that Willie Day failed to turn the motor vehicle in an effort to avoid the collision complained of;

D. In that Willie Day operated the vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway;

E. In that Willie Day failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Willie Day's motor vehicle which would permit Willie Day to bring the motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

F. In that Willie Day failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

G. In that Willie Day was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

H. In that Willie Day operated the vehicle, he failed to stop and Render Aide and remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

13. Willie Day's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021. *(Accident Involving Personal Injury or Death).*

14. Plaintiff is member of the class that Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021. was designed to protect.

15. Willie Day's unexcused breach of the duty imposed by Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021 proximately caused the Plaintiff's injuries described herein.

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST HYDROCHEM INDUSTRIAL SERVICES INC

16. Defendant HYDROCHEM INDUSTRIAL SERVICES INC had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

17. Plaintiff's injuries were proximately caused by Defendant HYDROCHEM INDUSTRIAL SERVICES INC's negligent, careless and reckless disregard of said duty.

18. The negligent, careless and reckless disregard of duty of Defendant HYDROCHEM INDUSTRIAL SERVICES INC consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC failed to yield to as a person of prudent care would have done;

    C.    In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC failed to turn its motor vehicle in an effort to avoid the collision complained of;

    D.    In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC operated its vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway;

    E.    In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant HYDROCHEM INDUSTRIAL SERVICES INC's motor vehicle which would permit Defendant HYDROCHEM INDUSTRIAL SERVICES INC to bring its motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

F.  In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

G.  In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC was operating its motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

H.  In that Defendant HYDROCHEM INDUSTRIAL SERVICES INC failed to stop at an Official-Traffic Control Device, to wit: a, in violation of Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021. Accident Involving Personal Injury or Death,

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE PER SE AGAINST HYDROCHEM INDUSTRIAL SERVICES INC

19.  Defendant HYDROCHEM INDUSTRIAL SERVICES INC's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021. Accident Involving Personal Injury or Death.

20.  Plaintiff is member of the class that Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021., was designed to protect.

21.  Defendant HYDROCHEM INDUSTRIAL SERVICES INC's unexcused breach of the duty imposed by Texas Transportation Code - TRANSP § 545.060, Texas Transportation Code - TRANSP § 550.021. (Accident Involving Personal Injury or Death) proximately caused the Plaintiff's injuries described herein.

## PLAINTIFF'S CLAIM OF
## RESPONDEAT SUPERIOR AGAINST HYDROCHEM INDUSTRIAL SERVICES INC

22. At the time of the occurrence of the act in question and immediately prior thereto, Willie Day was within the course and scope of employment for Defendant HYDROCHEM INDUSTRIAL SERVICES INC.

23. At the time of the occurrence of the act in question and immediately prior thereto, Willie Day was engaged in the furtherance of Defendant HYDROCHEM INDUSTRIAL SERVICES INC's business.

24. At the time of the occurrence of the act in question and immediately prior thereto, Willie Day was engaged in accomplishing a task for which Willie Day was employed.

25. Plaintiff invokes the doctrine of <u>Respondeat Superior</u> as against Defendant HYDROCHEM INDUSTRIAL SERVICES INC.

### Negligent Training

26. Defendants HYDROCHEM INDUSTRIAL SERVICES INC's is also liable for negligent training. Defendants HYDROCHEM INDUSTRIAL SERVICES INC's owed Plaintiff a legal duty to hire, supervise, train, or retain competent employees that would be able to operate a vehicle properly. Defendants HYDROCHEM INDUSTRIAL SERVICES INC's breached this duty, and the breach was the proximate cause of Plaintiff's injuries.

### EXEMPLARY DAMAGES

27. Defendant HYDROCHEM INDUSTRIAL SERVICES INC's acts or omissions described above, when viewed from the standpoint of Defendant HYDROCHEM INDUSTRIAL SERVICES INC at the time of the act or omission, involved an extreme

degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant HYDROCHEM INDUSTRIAL SERVICES INC had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

28. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant HYDROCHEM INDUSTRIAL SERVICES INC.

### DAMAGES FOR PLAINTIFF, YEGRAOWO OGBECHE

29. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Yegraowo Ogbeche was caused to suffer varying degree of injuries, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Yegraowo Ogbeche for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in HARRIS County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Physical impairment in the past;

- F. Physical impairment which, in all reasonable probability, will be suffered in the future;

- G. Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    J.    Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    K.    Loss of Mental Function;

    L.    Property damages in the amount of $5,000;

    M.    Mental anguish in the past; and

    N.    Mental anguish in the future.

    O.    Court Cost.

30. Pursuant to Tex. R. Civ. P. 47(c), Plaintiffs plead that they seek monetary relief in excess of $1,000,000.00.

31. By reason of the above, Plaintiff, Yegraowo Ogbeche has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### Request for Disclosure

32. Pursuant to Texas Rule of Civil Procedure 194, Defendant HYDROCHEM INDUSTRIAL SERVICES INC is requested to disclose all information as provided by Rule 194.2 within thirty (30) days of being served with a copy of this request and this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Yegraowo Ogbeche, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Omosede V. Oronsaye*
Omosede Valentina Oronsaye
Texas Bar No.24118485
6420 Hillcroft St Suite 106
Houston, Texas 77081
Tel. 713-334-7200
Fax. 713-271-2190
eService: oronsayelawfirm@gmail.com
Email: ovo@ovoronsayelaw.com
Attorney for Plaintiff
Yegraowo Ogbeche

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

5/2/2022 4:00:14 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 64105046
By: HALL, BRITTANY
Filed: 5/2/2022 4:00:14 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: __PLAINTIFFS' ORIGINAL PETITION_____

FILE DATE: __05/02/2022_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** __HYDROCHEM INDUSTRIAL SERVICES INC,_____
Address of Service: __1999 Bryan St., Ste. 900,_____
City, State & Zip: __Dallas, TX, 75201-3136,_____
Agent (if applicable) __C T Corporation System.,_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias    Newspaper_____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [X] E-Issuance by District Clerk (No Service Copy Fees Charged)
- [ ] MAIL to attorney   at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __OMOSEDE ORONSAYE__ Bar # or ID __24118485__

Mailing Address: __6420 HILLCROFT STE 106 HOUSTON, TEXAS 77081__
Phone Number: __713-334-7200__